UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00553-MR

| WALTER TIMOTHY GAUSE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| CURTIS DRIGGERS, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1], Plaintiff's motion to proceed in forma pauperis [Doc. 2], and Plaintiff's motions to amend his Complaint [Docs. 3, 4].

**I.    BACKGROUND**

Pro se Plaintiff Walter Timothy Gause ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. He filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 on October 15, 2021, alleging violations of Plaintiff's rights leading to his conviction and current incarceration. [Doc. 1]. Plaintiff names Curtis Driggers, Denzil H. Forrester, Kimberly P. Hoppin, Amy Moekye, Christian Hoel, the Clerk of the Superior

Court of Mecklenburg County, the City of Charlotte, and Norman Butler as Defendants. [Id.]. The Clerk granted Plaintiff's motion to proceed in forma pauperis. [Docs. 2, 8]. Plaintiff has filed two motions to amend his Complaint in this matter in which he seeks to add additional Defendants.[1] [Docs. 3, 4].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

---

[1] The Clerk docketed one of these motions to amend [Doc. 3] as an Amended Complaint. The Court will instruct the Clerk to update the docket in this matter to designate this filing as a motion to amend.

2

Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Gause v. Murray, 3:18-cv-00378-FDW, 2018 WL 3419277 (W.D.N.C. July 13, 2018) (§ 1983 action dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); Gause v. Murray, 3:19-cv-00341-FDW, 2019 WL 4267491 (W.D.N.C. Sept. 9, 2019) (same); Gause v. Hooks, 3:20-cv-00507-MR, 2020 WL 6275007 (W.D.N.C. Oct. 26, 2020) (§ 1983 action dismissed with prejudice for failure to state a claim).

Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Court will dismiss Plaintiff's Complaint without prejudice and vacate the Order granting Plaintiff leave to proceed in forma pauperis.[2]

## III. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Complaint as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the Order granting Plaintiff in forma pauperis status.

---

[2] Even if Plaintiff's Complaint were not subject to dismissal under § 1915(g), it would be barred by Heck.

**IT IS, THEREFORE, ORDERED** that:

(1) The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 8] is **VACATED**, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 2] is **DENIED**.

(2) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk is respectfully instructed to update the docket in this matter to designate Docket No. 3 as a Motion to Amend Complaint.

(4) Plaintiff's motions to amend complaint [Docs. 3, 4] are **DENIED** as moot.

The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee, if any, and to mail a copy of this Order to the Scotland Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge